UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| DARLENE L. CARLISLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 2:18-cv-00072-AGF |
| ANDREW M. SAUL,[1] | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before the Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Darlene Carlisle was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. For the reasons set forth below, the decision of the Commissioner will be affirmed.

## BACKGROUND

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Facts (ECF No. 18-1) and Defendant's Statement of Additional Facts (ECF No. 23-2).[2] Together, these statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties'

---

1 After this case was filed, a new Commissioner of Social Security was confirmed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Deputy Commissioner Nancy A. Berryhill as the defendant in this suit.

2 The Court also notes the clarifications supplied in Defendant's Response to Plaintiff's Statement of Facts. ECF No. 23-1.

arguments.

Plaintiff, who was born on January 17, 1959, originally filed an application for disability insurance benefits on June 29, 2012, alleging a disability beginning December 14, 2011, due to a variety of physical and mental conditions including fibromyalgia, Graves disease, irritable bowel syndrome, arthritis, attention deficit hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD), and depression. Her application was denied at the administrative level, and she thereafter requested a hearing before an Administrative Law Judge (ALJ). On January 30, 2015, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from a vocational expert (VE). On April 30, 2015, the ALJ issued a decision finding that Plaintiff had the residual functional capacity (RFC) to perform light work and was thus not disabled under the Act. On October 24, 2016, the Appeals Council remanded the case for further consideration of Plaintiff's mental impairments.

On remand, on September 13, 2017, another ALJ held an additional hearing at which Plaintiff testified. By decision dated January 4, 2018, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined by the Commissioner's regulations, except for the following limitations:

> She cannot frequently reach overhead to the left or right. For other reaching, she can frequently reach to the left and right. She can frequently handle, finger, and feel with both hands. She can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds or frequently balance stoop, kneel, crouch, or crawl. She can never work at unprotected heights, move mechanical machinery, or drive a motor vehicle as a job duty and can never be exposed to vibrations. Tr. 41.

The ALJ next found that Plaintiff could perform her past relevant work as a mortgage clerk and customer complaint clerk.  Tr. 46-57.  Accordingly, the ALJ found that Plaintiff was not disabled under the Act.  On June 15, 2018, the Appeals Council denied Plaintiff's request for review.  Thus, Plaintiff has exhausted her administrative remedies, and the ALJ's decision is the final decision of the Commissioner for this Court's review.

Plaintiff contends that the ALJ erred in finding Plaintiff's mental impairments non-severe.  More specifically, Plaintiff asserts that the ALJ failed to follow the Appeals Council's instructions in considering the evidence of those impairments and misapplied the "slight abnormality" standard, resulting in a decision that is not supported by substantial evidence.

**The ALJ's Decision (Tr. 32-47)**

As an initial matter, the ALJ noted that the Appeals Council, in its remand order, instructed the ALJ to: (1) obtain any medical evidence needed to complete the administrative record in accordance with 20 CFR 404.1512-1513; (2) further evaluate Plaintiff's mental impairments in accordance with the special technique set forth in 20 CFR 404-1520a; (3) give further consideration to Plaintiff's RFC after evaluation of the non-examining source opinion of Dr. Novak; (4) give further consideration to the third-party function report submitted by Plaintiff's daughter, Andrea Brown; and (5) if warranted by the expanded record, obtain supplemental evidence from a vocational

3

expert.

The ALJ found that Plaintiff has the following severe impairments: fibromyalgia, pelvic floor dysfunction, osteitis pubis, peripheral neuropathy, degenerative disc disease of the cervical spine, and arthritis. However, he found that none of these impairments, alone or in combination, met or medically equaled the severity of impairments listed in the Commissioner's regulations. The ALJ further noted that Plaintiff has several other physical conditions that the ALJ found to be non-severe. Plaintiff does not challenge the findings with respect to her physical conditions.

With respect to Plaintiff's mental impairments centrally at issue here, the ALJ noted that Plaintiff had been diagnosed with ADHD, PSTD, and depressive and mood disorders not otherwise specified. However, the ALJ determined that these impairments, considered singly and in combination, did not cause more than minimal limitations on Plaintiff's ability to perform basic mental work activities and therefore were non-severe.

In applying "paragraph B" criteria, the ALJ found that Plaintiff had no limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or in adapting or managing herself. In arriving at that determination, the ALJ reasoned as follows. Although Plaintiff's daughter, Ms. Brown, reported that Plaintiff is forgetful, the severity of her forgetfulness is not corroborated by instances of medical non-compliance, missed appointments, or unreliable accounts of history. Plaintiff is able to monitor medications for herself and her husband. Plaintiff's function reports were complete and detailed. Mental

examinations showed normal memory. Plaintiff is active in her church community and participates in ministry. She provided care to her husband before his death. She remained socially engaged and remarried. She interacts with family and friends. Medical sources describe her as friendly, polite, and cooperative. Plaintiff's ADHD is controlled by medication, which helps with concentration, organization, memory, and function. She exercises, takes care of pets, shops, and managed independently while her new husband was out of town for several weeks. Plaintiff has no problem with personal care and is able to drive and go places alone. In making the foregoing findings, the ALJ cited the following evidence from the medical record.

During medication monitoring visits with Dr. Michael Stumpf in August and September 2012, Plaintiff was well-groomed, alert and oriented, with appropriate affect and normal speech. Tr. 779-80, 837-38. Her memory was intact, her concentration, insight and judgment were fair, and her fund of knowledge was average.

On October 3, 2012, Plaintiff had a consultative psychological evaluation with Dr. Jonna Krabbenhoft, a licensed psychologist. Tr. 798-803. Plaintiff drove herself to the appointment and arrived early. Her attire, hygiene, and eye-contact were appropriate. Her thoughts were logical and sequential, with no perceptual disturbances. Her affect was congruent. She was cooperative. Her insight, fund of knowledge, and judgment were intact and she was oriented. Dr. Krabbenhoft noted that Plaintiff interrupted her, and Plaintiff reported complaints of the same by co-workers. Dr. Krabbenhoft described Plaintiff's conversation as tangential and concluded that Plaintiff had "significant

5

distractibility and attention issues." The ALJ gave little weight to Dr. Krabbenhoft's opinion because it was not supported by other evidence in the record or the ALJ's own observations of Plaintiff during the administrative hearing. Tr. 40.

Relying on Dr. Krabbenhoft's examination, a state-agency non-examining doctor, Dr. Raymond Novak, issued an opinion dated June 13, 2013, stating that Plaintiff had no limitations in activities of daily living, mild limitations in social functioning, and moderate limitations in concentration, persistence, or pace. Tr. 236-237. Most notably, based on Dr. Krabbenhoft's comments about Plaintiff's issues with concentration and her tendency to interrupt, Dr. Novak opined that Plaintiff's ADHD was severe. The ALJ gave only some weight to Dr. Novak's opinions generally and appeared to give very little weight to his opinion regarding the severity of Plaintiff's ADHD because it was based on Dr. Krabbenhoft's single consultation (which itself was accorded little weight). Neither the other medical sources, nor Ms. Brown, nor the ALJ observed habitual interruptions. Plaintiff managed her husband's medical care and medications as well as her own complex care, thus demonstrating her mental functioning abilities. Tr. 38-39.

The ALJ also gave some weight to Ms. Brown's third-party function report (Tr. 534-543), which the ALJ found to show that Plaintiff is capable of many activities: her own personal care, driving, taking care of pets, going to the grocery store, religious studies and ministry, and managing husband's medical conditions and her own. Though Ms. Brown indicated that Plaintiff was forgetful and could not concentrate for more than five minutes, the ALJ found these assertions unsupported by any medical documentation

6

suggesting non-compliance, missed appointments, or unreliability as a historian. The ALJ observed that, during the administrative hearing, Plaintiff had a good grasp of details and fully participated. Tr. 39.

Additionally, the ALJ gave only some weight to an examining source opinion by Dr. Stumpf. After a visit on June 21, 2012, Dr. Stumpf completed a Behavioral Health Clinician Statement indicating that Plaintiff had no memory deficit and successfully performed cognitive tests, but she had poor/fair reasoning and could not focus for five minutes. Tr. 828. But Dr. Stumpf's clinical notes from that visit indicate that Plaintiff had logical thought associations, fair concentration, and fair judgment and insight. Tr. 831. Thus, the ALJ concluded that Dr. Stumpf's opinion that Plaintiff had deficits in reasoning and judgment was inconsistent, lacked any explanation in his own notes, and also was not supported by other evidence in the record. Tr. 40.

Finally, the ALJ gave little weight to Plaintiff's GAF scores, which ranged from 45 to 70 throughout the relevant period. While observing that GAF scores do not necessarily provide an accurate depiction of a person's ability to function, to the extent the ALJ gave any weight to Plaintiff's scores, he found that her scores of 55 and above were consistent with the stable pattern of her mental examinations. Tr. 40, 789, 792, 795.

Based on the foregoing, the ALJ ultimately concluded that an RFC of sedentary work, with the physical limitations previously described, was consistent with the evidence, and that Plaintiff was capable of performing her past relevant work as a

7

mortgage clerk and customer complaint clerk, which was within her RFC and limitations. Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

In her brief before this Court, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to follow the Appeals Council's instruction to re-evaluate Plaintiff's mental impairment in light of Dr. Novak's opinion, and that the ALJ misapplied the "slight abnormality" standard in finding Plaintiff's mental impairments non-severe. Plaintiff asks that the ALJ's decision be reversed and remanded for a new decision.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's

8

decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.* The Court "defer[s] heavily to the findings and conclusions of the Social Security Administration." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments. A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). A special technique is used to determine the severity of mental disorders. This technique calls for rating the claimant's degree of limitations in four areas of functioning: understanding, remembering, or applying information; interacting with others; concentration, persistence, or pace; and adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *See, e.g., Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

**Analysis**

Plaintiff asserts that the ALJ erred in finding her mental impairments non-severe. Specifically, Plaintiff contends that the ALJ failed to follow the Appeals Council's instruction to reconsider Dr. Novak's opinion that Plaintiff's ADHD is severe. Plaintiff further argues that the opinions of Drs. Novak, Krabbenhoft, and Stumpf all reflect that Plaintiff's concentration was severely impaired.

A severe impairment is one that significantly limits the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520(c). "An impairment is not severe if it

amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it is not considered severe. *Id*. It is the claimant's burden to establish that her impairment is severe. *Id*.

As previously stated, an ALJ uses a special technique to determine whether a claimant's mental impairments are severe, considering the four "paragraph B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. Here, the ALJ found that Plaintiff had no limitations in these areas, and Plaintiff disputes only one of his findings, specifically with respect to concentration. In essence, Plaintiff contends that her ADHD so severely impairs her ability to concentrate that she is unable to work. This Court agrees with the ALJ that the evidence as a whole does not support that contention.

As previously noted, Plaintiff stayed focused in her administrative hearing, medical sources found her engaged and cooperative, she is capable of living independently, she actively participates in church ministries, and she managed her husband's medical care and continues to manage her own without missing medications or appointments. Medical records reflect that Plaintiff's ADHD medication improves her concentration. Moreover, even if some evidence suggests that Plaintiff digresses in conversation, other evidence supports the ALJ's conclusion that this is no more than a

slight abnormality, and this Court's standard of review demands deference to the ALJ's factual findings.

Contrary to Plaintiff's assertion, the ALJ did not disregard the Appeals Council's instruction to further consider Dr. Novak's opinion. The ALJ considered it and provided reasons for assigning it little weight. In particular, Dr. Novak's opinion was based solely on Dr. Krabbenhoft's observation, after a single examination, that Plaintiff interrupted her and was easily distractible. The ALJ reasoned that neither doctor's opinion was supported by the overall evidence in the record, including the ALJ's own observations of Plaintiff. Similarly, Dr. Stumpf's opinion showed that Plaintiff was able to perform cognitive functioning tests, and his notation of poor concentration was inconsistent with his own clinical notes of the same visit indicating fair concentration.

Plaintiff's suggestion that the ALJ committed reversible error simply by failing to weigh Dr. Novak's opinion in her favor ignores the ALJ's discretionary authority and this Court's standard of review. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* "The ALJ is not required to accept every opinion given by a consultative examiner but must weigh all the evidence in the record." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016). The ALJ is free to assign weight to the evidence, so he was free believe the evidence, both medical and functional, suggesting that Plaintiff's

ADHD is only a slight abnormality and not a severe impairment, and thus that Plaintiff is mentally capable of working.

And while this Court must take into account "evidence that both supports and detracts from the ALJ's decision, … as long as substantial evidence in the record supports the Commissioner's decision, [the Court] may not reverse it because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). When it is possible to draw different conclusions from the evidence and one represents the Commissioner's findings, this Court must affirm the decision. *Chaney*, 812 F.3d at 676.

Based on this record, the Court is not convinced that the ALJ failed to consider Dr. Novak's opinion. The ALJ's decision reflects that he considered the whole record, and his RFC determination is supported by substantial evidence therein.

## CONCLUSION

The record before the ALJ contained conflicting evidence about Plaintiff's ability to function with ADHD. Dr. Krabbenhoft's opinion of "significant distractibility and attention issues," due to Plaintiff's tangents and interruptions, was given little weight because it was based on a single examination. Dr. Novak's opinion was given little weight because it relied primarily on Dr. Krabbenhoft's and because it was inconsistent with his clinical notes and not supported by an explanation or other evidence in the record. Ms. Brown's third-party function report was given some weight in that, despite

13

mentions of forgetfulness, the report largely indicated that Plaintiff was capable of independent mental functioning. Plaintiff's GAF scores were assigned little weight generally, but some weight to the extent her higher scores were consistent with her stable pattern of mental examinations.

The ALJ considered all of this evidence and assigned weight as he deemed most consistent with the full record. This is a proper exercise of the ALJ's discretion. Notwithstanding the Appeals Council's guidance, there is no requirement that an RFC finding be supported by a specific medical opinion. *Hensley*, 829 F.3d at 932. Although not the only conclusion that could have been reached, on the present record, the Court cannot say that the ALJ's decision fell outside the available zone of choice.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2019.